# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GERMAN DE ARMAS,

     Petitioner,

v.

                                     CASE NO. 8:07-CV-694-T-30MAP
                                         CRIM. CASE NO. 8:04-CR-562-T-30MAP

UNITED STATES OF AMERICA,

     Respondent.

_____/

## O R D E R

Petitioner has filed a Notice of Appeal (Dkt. 9) of this Court's decision denying his motion

for relief under 28 U.S.C. § 2255 (Dkt. 7), which the Court construes as an application for a

certificate of appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2]

(Dkt. 10), *see Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997). Petitioner did not

pay the $455.00 appellate filing fee and costs or file a request for leave to proceed *in forma*

*pauperis*.

---

[1]"Certificate of Appealability. (1) In a . . . 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2]"[I]n . . . a proceeding under section 2255 . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . . (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . .(B) the final order in a proceeding under section 2255. . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

The Court addressed Petitioner's claims on the merits.  While issuance of a COA does not require a showing that the appeal will succeed, *see Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003), under the controlling standard, a petitioner must demonstrate that reasonable jurists would find the Court's assessment of the petitioner's constitutional claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Petitioner has failed to make this threshold showing.  *See Slack*, 529 U.S. at 485.

ACCORDINGLY, the Court **ORDERS** that:

1.      Petitioner's Notice of Appeal, which is construed as an application for issuance of a certificate of appealability (Dkt. 10), is **DENIED**.

2.      Petitioner is hereby assessed the $455.00 appellate filing fee.

**DONE** and **ORDERED** in Tampa, Florida on December 17, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copies furnished to:
All Parties of Record

2